IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DEANA BELCHER,

          Plaintiff,

v.                                  CIVIL ACTION NO. 5:11-cv-00326

KOHL'S DEPARTMENT STORES, INC.,

          Defendant.

**MEMORANDUM OPINION AND REMAND ORDER**

The Court has reviewed *Plaintiff's Motion to Remand and Motion for Attorney Fees or, in the Event the Court Finds Jurisdiction, Motion to Amend Complaint to Withdraw Stipulation of Amount in Controversy* (Document 9).

I.

Plaintiff's complaint was filed in the Circuit Court of Raleigh County, West Virginia, on March 28, 2011, alleging, *inter alia*, violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (2006) [hereinafter, "TCPA"]. Plaintiff, Deana Belcher, alleges that Defendant, Kohl's Department Stores, Inc., violated the TCPA by placing non-consensual, repeated telephone calls to Plaintiff's cell phone while utilizing automated dialing equipment and/or by leaving prerecorded voice messages.[1] Defendant timely filed its *Notice of Removal,* pursuant to 28 U.S.C.

---

[1] Brief summary of allegations taken from Plaintiffs' Complaint and Plaintiff's Motion to Remand and for Attorney Fees, or, in the Event the Court Finds Jurisdiction, Motion to Amend Complaint to Withdraw Stipulation of Amount in Controversy.

§ 1331 (2006), on the grounds that there is a federal question involved in this dispute. (Document 1). Plaintiff, then, timely filed her motion to remand pursuant to 28 U.S.C. § 1447 (2006).

II.

**Plaintiff's Motion to Remand**

Plaintiff moves to remand this case to the Circuit Court of Raleigh County, West Virginia, on the basis that the district court lacks subject matter jurisdiction over the claims asserted under the TCPA because this provision places jurisdiction of a private right of action in the state court. United States district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006).

The TCPA prescribes that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . . an action." 47 U.S.C. § 227(b)(3). Plaintiff argues that the United States Court of Appeals for the Fourth Circuit has clearly held that the TCPA places jurisdiction of private actions brought pursuant to § 227(b)(3) in the state courts. *International Science & Technology Institute, Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146, 1158 (4th Cir. 1997). In *International Science*, the Court concluded that "jurisdiction of the United States district courts over private TCPA actions may not be premised on the general federal-question jurisdiction conferred by 28 [U.S.C.] § 1331." *Id*. Further, the Fourth Circuit concluded that jurisdiction of private actions under the TCPA was exclusively in state courts. *Id*. Five other circuit courts of appeals agree with our Circuit's opinion in *International Science*. *See Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507 (5th Cir. 1997); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287 (11th Cir. 1998); *Foxhall Realty Law Offices, Inc. v.*

2

*Telecommunications Premium Services, Ltd.*, 156 F.3d 432 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998); *Murphey v. Lanier*, 204 F.3d 911 (9th Cir. 2000).

Defendant concedes that Fourth Circuit precedent dictates that private claims brought pursuant to the TCPA can only be brought in state court. However, Defendant invites this Court to consider adopting the most recent decisions of the Sixth and Seventh Circuit Courts of Appeals, which have held that the exercise of federal jurisdiction over private TCPA claims is proper. (*Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005); *Charvat v.EchoStar Satellite, LLC*, 630 F.3d 459 (6th Cir. 2010). This Court respectfully declines that invitation.

Defendant points to the more recent trend of the minority side of the circuit split, and also notes that the Supreme Court of the United States has recently granted certiorari in *Mims v. Arrow Financial Services, LLC* (No. 10-1195), in an appeal from the Eleventh Circuit, to address the precise issue raised in this motion. Given current precedent of the Fourth Circuit Court of Appeals, this Court need not delay the progress of this case while awaiting the issuance of an opinion in *Mims*.

Therefore, upon consideration of the motion, the Court finds that, to the extent Plaintiff's motion seeks an order of remand, it should be granted.

### III.

### Plaintiff's Motion for Attorney Fees

Plaintiff requests reasonable attorney fees for the prosecution of her motion to remand. "Absent unusual circumstances, attorney's fees should not be awarded under [Section] 1447(c) when the removing party has an objectively reasonable basis for removal." *Martin v. Frankling Capital Corp.*, 546 U.S. 132 (2005). Defendant makes a good faith and objectively reasonable argument to

3

adopt a jurisdictional interpretation contrary to the holding in *International Science* based on the United States Supreme Court's recent grant of certiorari in *Mims*. Although the Court disagrees with Defendant's argument, Defendant's removal was not frivolous. Therefore, upon consideration of the motion, the Court finds that with respect to Plaintiff's request for attorney fees, his motion should be denied.

IV.

**Plaintiff's Motion to Withdraw
Stipulation of Amount in Controversy**

In light of the Court granting that portion of Plaintiff's motion that seeks a remand, the Court should not and need not address Plaintiff's motion with respect to the withdrawal of the stipulation of amount in controversy.

**CONCLUSION**

WHEREFORE, as discussed herein, the Court does hereby **ORDER** that *Plaintiff's Motion to Remand and Motion for Attorney Fees or, in the Event the Court Finds Jurisdiction, Motion to Amend Complaint to Withdraw Stipulation of Amount in Controversy* (Document 9) is **GRANTED** insofar as it seeks to remand this action and is **DENIED** to the extent that it seeks attorney's fees and costs.

The Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of Raleigh County, West Virginia, and to all counsel of record.

ENTER: August 30, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA